UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

       Plaintiff,

v.                                         Case No. 12-11877

                                           Hon. Victoria A. Roberts

LLOYD RAPELJE WARDEN et al,

       Defendants.

_____/

## AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. 57)

### I. INTRODUCTION

Before the Court is a motion to dismiss, filed by certain Defendants: Prison Health Services, Inc., Corizon, Inc., Joseph Burtch, Jeffrey Bomber, Joshua Buskirk, Ramesh Kilaru, and Gina Couturier (collectively, "Corizon Defendants").

This is a prisoner civil rights action. Temujin Kensu's claims are grounded on Defendants' alleged failure to provide him with adequate medical treatment based on his gluten and diary intolerance. The Corizon Defendants move the Court for dismissal under Federal Rule of Civil Procedure 12(b)(6) based on: failure to exhaust administrative remedies, the statute of limitations, and failure to state a claim.

The Court **GRANTS IN PART** and **DENIES IN PART**, holding: (A) Mr. Kensu has not exhausted his administrative remedies against Burtch; (B) at this stage, it is not apparent from Mr. Kensu's complaint that his claims are time-barred; (C) the corporate

1

defendants cannot be vicariously liable for their employees' acts; and (4) it is not evident that dismissal of his injunctive relief claim is appropriate under a motion to dismiss.

## II. BACKGROUND

Mr. Kensu is an inmate in the custody of the Michigan Department of Corrections ("MDOC"). He is housed at Thumb Correctional Facility in Lapeer, Michigan. On April 26, 2012, Mr. Kensu filed this action against numerous defendants, essentially based on their alleged failure to accommodate his gluten and dairy intolerance, give appropriate medical treatment for his condition, and provide an adequate, special diet. He claims Eighth and First Amendment violations, intentional infliction of emotional distress, violation of the Americans with Disabilities Act, and discrimination based on handicap.

With the Court's permission, Mr. Kensu filed a second amended complaint on November 27, 2012. The complaint is extensive, and at times difficult to discern as to which defendant any one of the 330 allegations relates. Mr. Kensu's lawsuit is bifurcated against groups of defendants. Relevant to this motion, the Corizon Defendants are:

(A) Prison Health Services, Inc. ("PHS") and Corizon, Inc. ("Corizon") (collectively, "Corizon Corporations"). PHS was a private corporation which was under contract with the MDOC to provide inmate healthcare. PHS merged into Corizon, which is a private corporation currently under contract with the MDOC to provide medical services to inmates;

(B) Joseph Burtch, a medical professional who was employed by PHS;

(C) Joshua Buskirk and Ramesh Kilaru, medical professionals employed by the Corizon Corporations; and

2

(D) Jeffrey Bomber and Gina Couturier, medical professionals who were

employed by the MDOC.

Relevant to this motion and specific to the Corizon Defendants, Mr. Kensu claims:

(1) Count I - Eighth Amendment violations against, inter alia, all Corizon

Defendants. Mr. Kensu alleges that the Corizon Defendants' decision to withhold

adequate alternative food sources of protein, Vitamin D, calcium, and other vital

nutrients constituted deliberate indifference to his rights, in violation of the Eighth

Amendment's right to be free from cruel and unusual punishment.

(2) Count II - Retaliation and First Amendment violation against, inter alia,

Buskirk, Bomber, Couturier, and Kilaru. Mr. Kensu alleges that these Defendants

retaliated against him because he filed grievances against them. He says his

grievances were First Amendment protected conduct.

(3) Count III - Intentional Infliction of Emotional Distress against all Corizon

Defendants. Mr. Kensu alleges the Corizon Defendants' conduct was intentional

and amounts to extreme, outrageous conduct not to tolerated by civil society. He

says this conduct resulted in severe and serious emotional distress because he

was subjected to unjustified, abusive mistreatment and humiliation, and was

deprived of medical care and a meaningful administrative grievance process.

The Corizon Defendants filed this motion to dismiss under Rule 12(b)(6).

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the

complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.

1996). "To survive a motion to dismiss, a complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. To determine whether the plaintiff has set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).

A determination of whether a complaint sets forth a claim plausible on its face is "a context-specific task that requires the reviewing court to draw on its experience and common sense." *Id.* at 663-664. The Court may consider the pleadings, the exhibits attached to the complaint, and documents referred to in the complaint that are central to the plaintiff's claim. See *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *Richmond Transp., Inc. v. Departmental Office of Civil Rights of U.S. Dept. of Transp.*, 11-13771, 2012 WL 1229947 (E.D. Mich. Apr. 12, 2012).

**IV. ANALYSIS**

The Corizon Defendants say: (A) Mr. Kensu failed to exhaust his administrative remedies; (B) the applicable statutes of limitations preclude Mr. Kensu's claims for times prior to three years before the filing of this action; (C) the Corizon Corporations are not liable under *respondeat superior* for Mr. Kensu's Eighth Amendment claim; and, (D)

4

they are entitled to dismissal of Mr. Kensu's claim for injunctive relief.

### A. Exhaustion of Administrative Remedies

The Corizon Defendants argue that under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), a prisoner may not bring a § 1983 claim unless he has exhausted all available administrative remedies. They say Mr. Kensu has not done so in relation to Burtch, Kilaru, and Couturier, and, therefore, the claims against them should be dismissed. They submit Mr. Kensu's grievances in support.

Mr. Kensu argues that he exhausted his administrative remedies because his grievances did not need to name an individual later sued. He says that for the purpose of exhaustion a prisoner's grievance which gave prison officials notice of the alleged mistreatment is sufficient.

Section 1997e(a) requires exhaustion of administrative remedies prior to filing a federal action related to prison conditions. 42 U.S.C. § 1997e(a). Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to exhaust is an affirmative defense that must be raised by a defendant, and on which such defendant bears the burden of proof. *Jones v. Block*, 549 U.S. 199, 216 (2007). "[W[here the [defendant] has the burden . . . on an affirmative defense his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for [him]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986). The relevant rules to determine whether a plaintiff has properly exhausted his claim "are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 200. In Michigan, prisoner grievances are governed by MDOC Policy Directive 03.02.130:

5

> [B]efore filing a written grievance, the prisoner must, within two days of becoming aware of a grievable issue, attempt to resolve the issue with the staff member involved. If not resolved, the prisoner may, within five days, file a written Step One grievance. If dissatisfied with the Step One response, the inmate may, within 10 days of receiving it, file a Step Two appeal. If dissatisfied with the Step Two response, the inmate may file a Step Three appeal, which completes the administrative process sufficiently that he may proceed with a federal lawsuit regarding exhausted issues. In addition to the timeliness requirement, Paragraph R of the Policy Directive requires a grievant to specifically name the individuals involved in the issue at Step One."

*Morris v. Newberry Corr. Facility*, 11-10938, 2013 WL 865540 (E.D. Mich. Feb. 11, 2013) report and recommendation adopted, 11-CV-10938, 2013 WL 847520 (E.D. Mich. Mar. 7, 2013).

Analysis of a request to dismiss based on a failure to exhaust administrative remedies is not limited to a determination of whether Mr. Kensu has stated a claim on the face of the complaint, or matters solely in the complaint, and dismissal is without prejudice and will not count as a "strike" under 28 U.S.C. § 1915(g). *See Morris v. Newberry Corr. Facility*, 11-10938, 2013 WL 865540 (E.D. Mich. Feb. 11, 2013) report and recommendation adopted, 11-CV-10938, 2013 WL 847520 (E.D. Mich. Mar. 7, 2013).

In his complaint, Mr. Kensu identifies grievances he submitted from June, 2009, to June, 2012. Mr. Kensu says three grievances prove exhaustion:

(1) SRF 2011/07/0999/12E1 exhaustion as to Burtch, Couturier, and Kilaru; and

(2) TCF-12-04-01065-012-H and RCF-12-07-01187-028-A exhaustion as to Couturier and Kilaru. These grievances were filed subsequent to his original complaint but prior to his second amendment complaint.

## 1. SRF 2011/07/0999/12E1

The Corizon Defendants say that <u>SRF 2011/07/099/12E1</u> exhausted Mr. Kensu's claims only against Bomber and Buskirk because they were the only Corizon Defendants specifically named in the grievance. Mr. Kensu says that he was not required to name Burtch, Couturier, and Kilaru because his reference to "MDOC/PHS Medical Staff" in the grievance put them on notice of the basis for his claim.

Although a failure to name a specific individual in a grievance may not always render exhaustion inadequate, *Jones v. Bock*, 549 U.S. 199, 219 (2007), especially where the grievance is addressed on the merits and not rejected as unduly vague, *Abbruzzino v. Hutchinson,* 08-CV-11534, 2009 WL 799245 (E.D. Mich. Mar. 24, 2009)*,* a plaintiff fails to exhaust administrative remedies as to a particular defendant not identified in the grievance if the plaintiff specifically identifies other defendants by name and nothing in the grievance would put the unnamed defendants on notice. *Walls v. O'Connor*, 12-11874, 2013 WL 572449 (E.D. Mich. Jan. 22, 2013) report and recommendation adopted, 12-CV-11874, 2013 WL 571752 (E.D. Mich. Feb. 13, 2013).

<u>SRF 2011/07/099/12E1</u> did not exhaust as to Burtch, Couturier, or Kilaru because Mr. Kensu specifically names Bomber and Buskirk--among other non-corizon Defendants--after a reference to "Named MDOC/PHS Staff." This grievance is insufficient to put Burtch, Couturier, and Kilaru on notice of Mr. Kensu's claims.

### 2. <u>TCF-12-04-01065-012-H</u> and <u>RCF-12-07-01187-028-A</u>

The Corizon Defendants say that these grievances were submitted and allegedly exhausted after Mr. Kensu filed his original complaint and, thus, cannot satisfy the PLRA's exhaustion requirement. Hence, they do not specifically address <u>TCF-12-04-01065-012-H</u> and <u>RCF-12-07-01187-028-A</u>.

7

Although completing the grievance process after filing suit does not satisfy the PLRA's exhaustion requirement, *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), asserting newly exhausted claims in an amended pleading does not contravene the PLRA's exhaustion requirement. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010); *Smith v. Olsen*, 455 F. App'x 513, 515-16 (5th Cir. 2011); *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005); *Robbins v. Payne*, 11-15140, 2012 WL 4812495 (E.D. Mich. Oct. 10, 2012). The Court cannot dismiss the claims pertaining to these grievances because the Corizon Defendants fail to address them and do not meet their burden to prove failure to exhaust.

The Court declines to dismiss for failure to exhaust against Couturier and Kilaru on TCF-12-04-01065-012-H and RCF-12-07-01187-028-A, but will dismiss the claim against Burtch for failure to exhaust on SRF 2011/07/099/12E1.

### B. Statute of Limitations

The Corizon Defendants say the statute of limitations for each of the claims against them is three years and that they are entitled to partial dismissal of Mr. Kensu's claims for occurrences prior to April 26, 2009--three years prior to the filing of Mr. Kensu's original complaint.

Mr. Kensu says that the statute of limitations in a prisoner initiated § 1983 action is tolled while a plaintiff exhausts available state remedies.

Generally, a motion to dismiss under Rule 12(b)(6) is not an appropriate vehicle to raise an affirmative defense such as the statute of limitations because a plaintiff is not required to "anticipate and attempt to plead around all potential defenses" and "[c]omplaints need not contain any information about defenses and may not be

8

dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Nonetheless, the Sixth Circuit has held that a plaintiff may have an obligation to plead tolling or facts in avoidance of the statute of limitations defense when it is apparent from the face of the complaint that the time limit for bringing the claim has expired. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 518 (6th Cir. 2008). A motion to dismiss on statute of limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (emphasis in original) (internal quotation marks omitted).

Mr. Kensu alleges that since March 1, 2001, he submitted requests for medical attention for his bowel problems; this is the only date which the Court is able to identify as relevant to a statute of limitations defense. Nonetheless, construing the allegations liberally in Mr. Kensu's favor, it is not apparent from the face of the complaint the precise dates when the injuries upon which his claims are based occurred, or when he became aware of those injuries.

In addition, even if the date when the statute of limitations for Mr. Kensu's § 1983 claims began to run was clear, the statute of limitations for claims subject to the PLRA is tolled while a plaintiff exhausts administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Mr. Kensu alleges that he invoked the MDOC grievance process numerous times.

The Court is not convinced that, from the face of the complaint, Mr. Kensu's claims are affirmatively time-barred.

9

### C. Eighth Amendment claims against the Corizon Corporations

The Corizon Defendants argue that the Corizon Corporations are entitled to dismissal of Mr. Kensu's Eighth Amendment claim in Count One because they are not liable under the theory of *respondeat superior*, and Mr. Kensu has not pled a specific violation pursuant to policy, custom, and usage against them.

Mr. Kensu argues that because the Corizon Corporations are not public municipalities, he is not required to allege a specific violation pursuant to policy, custom, or usage. Nonetheless, he also says that even under that standard his allegations are sufficient because he alleges informal decisions made on behalf of the Corizon Corporations.

For a valid § 1983 claim, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that such deprivation was done by a person acting under color of law. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994). A governmental entity may be held liable under § 1983 if the governmental entity itself caused the constitutional deprivation. *See id.* (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978). Liability in a § 1983 action cannot be based on a theory of *respondeat superior. Id.* "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (internal quotation marks omitted). A custom is a practice "that has not been formally approved by an appropriate decisionmaker," but is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). Moreover, the policy or custom "must be the moving force of the constitutional violation

10

in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (internal quotation marks omitted).

A private entity which contracts with the state to perform a traditional state function like providing healthcare to inmates--like the Corizon Corporations--can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations)*; Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (same); *Rojas v. Alexander's Dept. Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851-52 (E.D. Mich. 2008) (same).

Mr. Kensu does not allege that the Corizon Corporations themselves violated his Eighth Amendment rights; rather, his allegations revolve around the Corizon Corporations' employees. Although the Corizon Corporations may be sued for an Eighth Amendment violation under § 1983, Mr. Kensu has not alleged an official policy or custom, or that any policy or custom was the moving force behind the Corizon Corporations employees' violations of Mr. Kensu's Eighth Amendment rights. The Corizon Corporations cannot be vicariously liable for their employees' acts.

The allegations in Count One are insufficient to state a claim against the Corizon Corporations, and the Court dismisses that count against them.

### D. Mr. Kensu's claim for injunctive relief

11

The Corizon Defendants argue that Mr. Kensu's claim for injunctive relief should be dismissed because he has not demonstrated entitlement to such relief. Specifically, they say an injunction would be against the public interest and that Mr. Kensu has not alleged irreparable injury or demonstrated that there is no adequate remedy at law.

Mr. Kensu asks for injunctive relief in his complaint, but does not seek it through a motion for a temporary restraining order or a preliminary injunction. Mr. Kensu's injunctive relief request is for a remedy to be determined once liability has been established. The Corizon Defendants' do not present authority that would allow the Court to dismiss Mr. Kensu's request for injunctive relief at this stage; their request is premature. *See Friends of Frederick Seig Grove # 94 v. Sonoma County Water Agency*, 124 F. Supp. 2d 1161, 1172 (N.D. Cal. 2000) ("While the Court may ultimately agree with the defendants that injunctive relief is inappropriate, it is by no means evident that the Court can reach such a determination on a motion to dismiss."); *see also Zepeda v. Tate*, CV 1:07-0982-SMM, 2010 WL 4977596 (E.D. Cal. Dec. 2, 2010).

The Court denies the Corizon Defendants' request to dismiss Mr. Kensu's claim for injunctive relief.

## V. CONCLUSION

The Court:

(1) **GRANTS** dismissal of Mr. Kensu's claims against Burtch;

(2) **DENIES** dismissal of Mr. Kensu's claims against Kilaru and Couturier;

(3) **DENIES** dismissal of Mr. Kensu's claims prior to April 26, 2009;

(4) **GRANTS** dismissal of Count One against PHS and Corizon; and

(5) **DENIES** dismissal of Mr. Kensu's request for injunctive relief.

In recognition of the implications of dismissal for failure to exhaust and their effect on judicial economy, as well as the strong likelihood of refiling here, the Court exercises its discretion and **STAYS** this case until Mr Kensu:

(A) Files his grievances within 30 days of **April 18, 2013**--the day the Court entered this order in its original version--and notifies the Court within 30 days of the completion of the grievance process; or

 (B) Represents to the Court that he will drop unexhausted claims.

*See Landis v. North American. Co.*, 299 U.S. 248, 254 (1936).

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 25, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 25, 2013.

S/Linda Vertriest
Deputy Clerk