NEIL PATEL – DRAFT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,　　　　　　　　　　　　　　　　　Case No: 12-11877
　　　　　　　　　　　　　　　　　　　　　　　　Hon. Victoria A. Roberts
vs

LLOYD RAPELJE, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER

On November 11, 2013, Defendants filed a Motion for Protective Order regarding Plaintiff's discovery requests.  Defendants Motion was in response to Plaintiff's "First Set Of In [*sic*] Pro Se Discovery Requests" provided to Defendants on November 7, 2013.  Plaintiff's "First Set Of In [*sic*] Pro Se Discovery Requests" fails to comply with Fed. R. Civ. P. 33(a)(1), and 34.  For that reason, the Court **GRANTS** Defendants' Motion for Protective order with respect to outstanding discovery requests only.  The Court **DENIES** Defendants' Motion regarding future discovery requests.

The Court orders Plaintiff to re-submit his discovery requests in conformity with the following format:

1. Plaintiff must distinguish interrogatories from requests for production of documents by submitting two separate documents.

2. Plaintiff's interrogatories must conform to Fed. R. Civ. P. 33(a)(1), which states:

    Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including

        all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

3. Plaintiff's request for production of documents must conform to Fed. R. Civ. P. 34.

4. Plaintiff's discovery requests are limited to a time frame of 2007-present.

5. Plaintiff must limit his discovery requests to specific issues related to his claims in this case. In *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007), the court held:

   > "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce . . . Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'

6. Since Plaintiff has requested documents in physical form (Doc 106-2 pg. 1), Plaintiff must pay reasonable copying costs for any documents he requests.

7. Defendants will have an opportunity to object to any re-submitted discovery requests.

**IT IS ORDERED.**

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: February 14, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record and Temujin Kensu by electronic means or U.S. Mail on February 14, 2014.
>
> s/Linda Vertriest
> Deputy Clerk