UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,                                            Case No: 12-11877
                                                    Hon. Victoria A. Roberts

vs

LLOYD RAPELJE, et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

### I. INTRODUCTION

Before the Court is Plaintiff's Motion to Appoint Counsel, filed on January 14, 2014. (Doc # 129). This is a prisoner civil rights action. Temujin Kensu's claims are grounded on Defendants' alleged failure to provide him with adequate medical treatment based on his gluten and diary intolerance.

The Court **DENIES** Temujin Kensu's request.

### II. BACKGROUND

Mr. Kensu is an inmate in the custody of the Michigan Department of Corrections ("MDOC"). He is housed at Thumb Correctional Facility in Lapeer, Michigan. On April 26, 2012, Mr. Kensu filed this action against numerous Defendants. His claims are based on Defendants' alleged failure to accommodate his gluten and dairy intolerance, give appropriate medical treatment for his condition, and provide an adequate diet. Mr. Kensu claims First and

Eighth Amendment violations, intentional infliction of emotional distress, violation of the Americans with Disabilities Act, and discrimination based on handicap.

With the Court's permission, Mr. Kensu filed a second amended complaint on November 27, 2012. The complaint is extensive, and at times difficult to discern as to which Defendant any one of the 330 allegations relates. Mr. Kensu's lawsuit is bifurcated against groups of Defendants and contains five counts.

Mr. Kensu claims:

(1) Count I - Eighth Amendment violations against, Stieve, Stephenson, Malik, McCauley, Peters, Aiken, Kilaru, Burtch, Buskirk, Bomber, Turner, Borgerding, Rewerts, Gidley, Couturier, Bailey, Shook, Spaulding, and Szostak. Mr. Kensu alleges that Defendants' decision to withhold adequate alternative food sources of protein, Vitamin D, calcium, and other vital nutrients constituted deliberate indifference to his rights, in violation of the Eighth Amendment's right to be free from cruel and unusual punishment.

(2) Count II - Retaliation and First Amendment violation against, Stieve, Buskirk, Bomber, Borgerding, Vittitow, Rapelje, Powell, Bergh, Groves, Spaulding, Szostak, Couturier, and Kilaru. Mr. Kensu alleges that these Defendants retaliated against him because he filed grievances against them. Mr. Kensu says his grievances were First Amendment protected conduct.

(3) Count III - Intentional Infliction of Emotional Distress against Stieve, Malik, McCauley, Peters, Aiken, Burtch, Buskirk, Bomber, Borgerding, Powell, Couturier, Gidley, Rewerts, Bailey, Shook, Spaulding, Szostak. Mr. Kensu alleges the Defendants' conduct was intentional and amounts to extreme, outrageous conduct not to be tolerated by civilized society. Mr. Kensu says this conduct resulted in severe emotional distress because he was subjected to unjustified-abusive mistreatment, humiliated, deprived of medical care, and deprived of a meaningful administrative grievance process.

(4) Count IV - Discrimination in violation of Title II of the Americans with Disabilities Act (42 U.S.C. Chapter 126) against Rapelje, Bergh, Stieve, McCauley, Peters, Aiken, Groves, Vittitow, Powell, Gidley, Rewerts, Walters, Borgerding, Bailey, Shook, Spaulding, and Szostak in their official capacities. Mr. Kensu alleges that he is a qualified individual with a disability whom the Defendants' discriminated against, as defined in 42 U.S.C. § 12132.

(5) Count V - Discrimination on basis of handicap (violation involving Department of Health and Human Services Section 504, Rehabilitation Act of 1973) against Rapelje, Stieve, McCauley, Peters, Aiken, Groves, Vittitow, Powell, Gidley, Rewerts, Walters, Borgerding, Bailey, Shook, Spaulding, and Szostak in their official capacities.  Mr. Kensu alleges the Defendants' discriminated against him on the basis of disability in programs and activities receiving federal financial assistance in violation of 45 CFR Part 84.

Mr. Kensu was represented by a firm, the Oliver Law Group, at the beginning of this suit, but on October 22, 2013, this Court granted the firm's request to withdraw from any further representation of Plaintiff.  Mr. Kensu has been representing himself since the firm's withdrawal.  On January 14, 2014, Mr. Kensu filed this Motion to Appoint Counsel.

### III. LEGAL AUTHORITY

The Sixth Circuit has stated: "[w]e take judicial notice of the fact that courts within this circuit, absent extraordinary circumstances, ***do not*** appoint lawyers for indigent and pro se prisoners in civil rights cases and in prisoner grievance-type cases . . . Prisoners have no statutory right to counsel in civil rights cases." *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (emphasis added).  In *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993), the court stated:

> "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'"

The Sixth Circuit has treated "the type of case and the abilities of plaintiff to represent himself" and the "complexity of the factual and legal issues involved" as separate and distinct considerations. *See Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); and *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005).

### IV. ANALYSIS

In *Glover*, the court held that courts within this circuit do not appoint counsel to indigent and pro se prisoners pursuing civil actions, absent extraordinary circumstances. *Glover*, 75 F.3d at 268. Mr. Kensu is a pro se prisoner who is pursuing a civil action. Therefore, his Motion to Appoint Counsel should be denied, unless he can show that appointment of counsel is warranted by extraordinary circumstances; Mr. Kensu fails to make this showing.

The *Lavado* court provided guidance on how to determine extraordinary circumstances, or exceptional circumstances. *Lavado*, 992 F.2d at 605-06. The *Lavado* court outlined that courts must examine: (1) the type of case and the abilities of the plaintiff to represent himself, and (2) the complexity of the factual and legal issues involved. *Id*.

**A. The Type of Case and the Abilities of Mr. Kensu to Represent Himself Does Not Meet the Requirement of an Extraordinary Circumstance.**

This case is a prisoner civil rights action. Temujin Kensu's claims are grounded on Defendants' alleged failure to provide him with adequate medical treatment based on his gluten and dairy intolerance. This case seems typical of civil rights cases involving pro se plaintiffs that are filed in courts on a regular basis. For example, In *Hudson v. Caruso*, 2011 WL 1042296*1 (W.D. Mich. Jan. 24, 2011), plaintiff, prisoners, alleged nine counts including violations of Religious Land Use and Institutionalized Persons Act (RLUIPA), and the First, Fifth and Fourteenth Amendments. The court found that the prisoners' claims did not present extraordinary circumstances. *Id*. The court went even further and said the potential of transforming plaintiffs' individual civil rights complaints into a class action was still not an extraordinary circumstance sufficient to support the appointment of counsel. *Id*. Since Mr. Kensu's claims are similar to the plaintiffs' in *Hudson*, Mr. Kensu's claims, likewise, do not present extraordinary circumstances.

Next, Mr. Kensu has the ability to represent himself. Mr. Kensu has demonstrated his ability to represent himself in *Kensu v. Haigh et al*, 2:93-cv-74456-PJD-TAC. On appeal, Mr. Kensu successfully argued to the Sixth Circuit Court of Appeals that the district court improperly granted summary disposition in favor of defendants. The Sixth Circuit agreed and vacated in-part. *Kensu v. Haigh*, 87 F.3d 172, 173 (6th Cir. 1996).

Also, Mr. Kensu has represented himself in this case since October 22, 2013, and only filed this Motion to Appoint Counsel on January 14, 2014. Pro se, Mr. Kensu has filed eight motions. Also, Mr. Kensu has another case pending in this court, which he is litigating pro se; he

5

has not filed a motion to appoint counsel in that case (*Kensu v. Buskirk et al*, 2:13-cv-10279-VAR-DRG).

Extraordinary circumstances do not exist to warrant appointment of counsel.

**B. The Complexity of the Factual and Legal Issues Involved Cannot be Described as Extraordinary Circumstances.**

Mr. Kensu claims that the Defendants were deliberately indifferent to his medical needs relative to a gluten and dairy intolerance. Mr. Kensu also claims the Defendants retaliated against him. The factual and legal issues are not sufficiently complex to meet the extraordinary circumstances requirement.

Mr. Kensu's Motion to Appoint Counsel states: "The Plaintiff would Respectfully Submit that his claims have great merit. The Defendant cannot in fact provide any proof that they do not." (Doc # 129, pg. 8)(As it appears in original). Further, Mr. Kensu's Motion states: "Plaintiff will prevail on at least some of his issues, not to mention his highly provable retaliation claims." (Doc # 129, pg. 8)(As it appears in original). According to these statements, Mr. Kensu believes that the facts of this case are clear and not complex. Also, Mr. Kensu's Motion does not allege any factual or legal issue that he claims are complex enough to be described as an extraordinary circumstance.

**C. Mr. Kensu's Arguments Requesting this Court to Appoint Counsel are unpersuasive.**

Mr. Kensu's Motion contains a section titled "Arguments in Support." (Doc # 129). Within the "Arguments in Support" section, there seems to be a subsection (although not numbered) labeled "Factors for Consideration." However, the factors and supporting case law provided by Mr. Kensu's are not binding on this jurisdiction and have not been recognized here.

Finally, Mr. Kensu argues that "fairness" should be a factor in deciding this Motion. He cites no authority to support his argument that "fairness" should be a factor when determining if appointment of counsel is appropriate in a civil case. Furthermore, Mr. Kensu's Motion states that it is essentially unfair for Mr. Kensu, who has no resources, to compete "against not just two attorneys, but two lawfirms with almost unlimited resources." (Doc # 129, pg. 5) (As it appears in original). Mr. Kensu also argues that Defendants are unfairly advantaged because he is "outflanked and outgunned" due to his lack of internet access, high-speed scanners, law clerks, and highly trained paralegals. (Doc # 129, pg. 6) (As it appears in original). The Court is not persuaded by Mr. Kensu's "fairness" argument. If the court were to accept Mr. Kensu's "fairness" argument, every prisoner filing a civil suit would be entitled to appointment of counsel.

## V. CONCLUSION

For the reasons stated, Plaintiff's Motion to Appoint Counsel is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 14, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Temujin Kensu by electronic means or U.S. Mail on February 14, 2014.

s/Linda Vertriest
Deputy Clerk

7