UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

      Plaintiff,                              Case No: 12-11877
                                          Hon. Victoria A. Roberts

vs

LLOYD RAPELJE, et al.,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, PRELIMINARY INJUNCTION, AND APPOINTMENT OF EXPERT  (DOC # 108)

## I. INTRODUCTION

Mr. Kensu is an inmate in the custody of the Michigan Department of Corrections ("MDOC").  He is housed at Thumb Correctional Facility in Lapeer, Michigan. On April 26, 2012, Mr. Kensu filed this action against numerous defendants, essentially based on their alleged failure to accommodate his gluten and dairy intolerance, give appropriate medical treatment for his condition, and provide an adequate, special diet. He claims First and Eighth Amendment violations, intentional infliction of emotional distress, violation of the Americans with Disabilities Act, and discrimination based on handicap.

Before the Court is Plaintiff's Motion for protective order, preliminary injunction, and appointment of expert, filed on December 5, 2013. (Doc # 108).  Plaintiff contends that Defendants acted with deliberate indifference to his health.  He asks the Court to issue a protective order and/or preliminary injunction to (1) prevent Dr. Kilaru from treating the

Plaintiff, (2) provide Plaintiff with medical exam and testing necessary to determine the status of alleged bowel disease, (3) prevent any further retaliatory transfers, and (4) require Defendants to provide Plaintiff with meals that are gluten and dairy free.  (Doc # 108, pg. 29-30, Plaintiff's proposed order).  Last, Plaintiff asks the Court to appoint an expert to physically examine him.

Plaintiff's motion and brief address a plethora of medical issues that Plaintiff allegedly suffers from.  However, since this action is limited to Plaintiff's claims relating to gluten and dairy intolerance, Plaintiff's discussion of other ailments is irrelevant.

The Court **DENIES** Temujin Kensu's requests for protective order, preliminary injunction, and appointment of expert.

## II. ANALYSIS

Plaintiff requests (A) a protective order, (B) a preliminary injunction, and (C) appointment of an expert.

### A.  Protective Order

While it is not completely clear, it seems Plaintiff wants a protective order to (1) prevent Dr. Kilaru from treating Plaintiff anymore, and (2) prevent Defendants from transferring him in retaliation.

Fed. R. Civ. P. 7(b)(1)(B) requires that a motion be pled with particularity.  But, aside from requesting a protective order, Plaintiff's motion and brief do not provide a legal basis for this Court to grant Plaintiff a protective order.  Also, Plaintiff has requested the same relief, perhaps more appropriately, in the form or a preliminary injunction, which is discussed next.

Plaintiff's Motion for Protective Order is **DENIED**.

**B.  Preliminary Injunction**

Plaintiff asks this Court to grant a preliminary injunction to (1) prevent Dr. Kilaru from treating the Plaintiff, (2) provide Plaintiff with medical exam and testing necessary to determine the status of his alleged bowel disease, (3) prevent any further retaliatory transfers, and (4) require that Defendants provide Plaintiff with meals that are gluten and dairy free.

An examination of the record reveals that Plaintiff has received medical treatment; he simply quarrels with the course of treatment.  Also, Plaintiff has not satisfied his burden to show he has been irreparably harmed.   For these reasons, Plaintiff's request is not worthy of a preliminary injunction.

### 1.  Standard of Review – Preliminary Injunction

"[A] preliminary injunction is reserved for only the most egregious case, and should not be extended to cases which are doubtful or do not come within well-established principles of law." *Bonnell v. Lorenzo*, 241 F.3d 800, 826 (6th Cir.2001). The moving party has the "burden of proving that the circumstances clearly demand [an injunction]." *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002).  *Chrysler Grp. LLC v. Moda Grp. LLC*, 796 F. Supp. 2d 866, 870 (E.D. Mich. 2011).

### 2.  Law – Preliminary Injunction

In *Phillips v. Michigan Dept. of Corrections*, 731 F. Supp. 792, 798 (W.D.Mich. 1990), affirmed 932 F.2d 969 (6th Cir.1991), the court explained that the following factors should be considered when determining if a preliminary injunction should issue:

    i.       Whether the Plaintiff has shown a strong or substantial likelihood of success on the merits;

    ii.      Whether the Plaintiff has shown irreparable injury;

iii.     Whether the issuance of a preliminary injunction would cause substantial harm to others; and,

iv.     Whether the public interest would be served by issuing a preliminary injunction.

In analyzing these four factors, the Sixth Circuit stated that "although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

The Sixth Circuit has also stated that "this court has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief." *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102-03 (6th Cir. 1982).

### 3.  Plaintiff has not shown a strong or substantial likelihood of success on the merits.

In analyzing the appropriateness of a preliminary injunction in a case such as this, which alleges deliberate indifference, courts must assess whether Plaintiff has a substantial likelihood of success on the merits.  Plaintiff claims that Defendants acted with deliberate indifference to his medical needs, in violation of the eighth amendment.  Plaintiff must demonstrate Defendants' actions or inactions amount to deliberate indifference.

In *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976), the court stated: "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."

In *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976), the Supreme Court stated: "a complaint that a physician has been negligent in diagnosing or treating

4

a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

Furthermore, the Supreme Court in *Estelle* reasoned that

The doctors diagnosed [the prisoner's/respondent's] injury as a lower back strain and treated it with bed rest, muscle relaxants and pain relievers. Respondent contends that more should have been done by way of diagnosis and treatment, and suggests a number of options that were not pursued. The Court of Appeals agreed [with respondent], stating: '[c]ertainly an x-ray of [the respondents] lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing.' But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act.

*Id*.

Mr. Kensu has not provided any proof that Defendants were deliberately indifferent to his medical needs. They provided treatment as the defendants in *Westlake* and *Estelle* did. *Westlake*, 537 F.2d at 860 n. 5; *Estelle*, 429 U.S. at 106. Mr. Kensu's disagreement with the type of medical treatment provided is not grounds for a claim of deliberate indifference. The record indicates a long list of grievances filed by Plaintiff. (Doc # 57-5). While the grievances are evidence of Plaintiff's disagreement with his medical treatment, the grievances also substantiate that he has been provided medical treatment. Below is a sample of the types of grievances Plaintiff has filed:

On September 12, 2011, Plaintiff filed a grievance alleging improper documentation of his concerns/complaints in at least 15-20 medical encounters. (Doc # 57-5, pg. 21, 25).  In response, the Bureau of Health Care Services stated "the grievant is challenging the medical judgment, subjective findings and documentation of his Medical Provider.  Disagreement with the judgment of someone qualified and capable of making same does not constitute falsification of documents." *Id.*

On July 19, 2011, Plaintiff filed a grievance stating that "in violation of my 8th Amendment Right to be free from cruel and unusual punishment and in deliberate indifference to my pain and suffering . . . [medical staff] are denying me treatment of <u>any</u> kind for the following conditions: . . . 3) Bowel disease to include irritable bowel disorder for which I am in a <u>phony</u> 'clinic' which consists of a 'meeting' during which I complain and nothing is done."   (Doc # 57-5, pg. 33 - As it appears in original).  In response, medical staff provided seven dates in 2011 where Plaintiff was treated by a doctors and/or physician assistants for complaints including bowel disease and gastro-intestinal pain.  (Doc # 57-5, pg. 35).

On June 10, 2011, a grievance response stated Metamucil was discontinued and that patient "verbalized understanding and is ok with this stating his abdominal symptoms have pretty much resolved." (Doc # 57-5, pg. 6).  On August 31, 2011, Plaintiff stated his vehement disagreement that "his milk intolerance is now resolved." (Doc # 57-5, pg. 21).

On June 8, 2009, Plaintiff complained that he has been denied diagnosis, treatment, and testing for various claimed ailments. (Doc # 57-5, pg. 51).  In response, Jeannie Stephenson R.N. stated that "patient is enrolled and being followed by a licensed Medical Provider in Cardiac, Pulmonary, and GI Chronic Care Clinics."  Furthermore, the Quality Assurance Office stated that "[g]rievant is being followed by the Medical Practitioner and Qualified Health Care staff for his medical concerns . . . Grievant is not a medical professional and disagreement with the medical judgment of the Medical Practitioner does not support an allegation for inadequate access to medical treatment." (Doc # 57-5, pg. 60).

6

Based on the above, the Court finds that Mr. Kensu fails to show that it is likely he will prevail on the merits of his claim.  As the Supreme Court held in *Estelle*, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

### 4. Plaintiff has not shown irreparable injury.

While Plaintiff makes many allegations of diagnosed illnesses, he has not provided sufficient medical documentation to support that he has even been diagnosed with gluten and dairy intolerance.  Plaintiff has the "burden of proving that the circumstances clearly demand [an injunction]." *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002).  Plaintiff provided one document that states "the [patient] can abstain from eating wheat products and if his symptoms improve, he most likely has gluten sensitivity."  (Doc # 112, pg. 10).

This Court cannot grant a preliminary injunction based on conclusory statements alone and needs evidence that (1) Plaintiff is gluten and dairy intolerant, and (2) the Defendants' deliberate indifference to his intolerance caused or will cause irreparable harm.  Following the Sixth Circuit's holding in *Friendship Materials, Inc.*, this Court cannot grant a preliminary injunction without any showing that the plaintiff would suffer irreparable injury without an injunction.  *Friendship Materials, Inc.*, 679 F.2d. at 102-03.

This Court declines to address factors three and four; an analysis of the first two factors forecloses Plaintiff's ability to obtain an injunction.

Plaintiff's request for preliminary injunction is **DENIED**.

### C.  Appointment of an Expert

Plaintiff asks this Court to appoint a medical expert to physically examine him.  The Sixth Circuit stated that "[w]itness fees clearly fall in the category of items such as trial transcripts, depositions, and other documents, which the constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party." *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogated on other grounds by*, *L & W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007).

Furthermore, the court held "that right of access does not encompass a requirement that a court pay a party's witness fees absent a statutory authorization." *Id*.  In *Johnson*, the court of appeals affirmed the district court's denial of plaintiff's request to pay witness fees and stated:

> We are acutely aware of the fact that the result in this case produces an unhappy situation where a plaintiff, declared indigent, has the rather hollow right of bringing his § 1983 action in district court, then is dismissed from that court when he is unable to pay to have his witnesses appear to present evidence in support of that claim.  While we can find no legal basis to support the requirement to pay such witness fees, it seems apparent that legislative consideration similar to the Congressional action taken in connection with criminal and habeas corpus cases is indicated. It is paradoxical to provide an indigent plaintiff with the right to proceed in court, then deny him a meaningful chance to exercise that right by not providing him assistance in paying routine costs in so exercising that right. Lacking statutory authority to do otherwise, we affirm.

*Id*.

Mr. Kensu is in the same situation as the plaintiff in *Johnson*, 698 F.2d at 289; there is no legal authority for this Court to grant Mr. Kensu's request for appointment of a medical expert.

Plaintiff's request for appointment of a medical expert is **DENIED**.

8

**III. Conclusion**

Plaintiff's Motion for protective order, preliminary injunction, and appointment of expert

is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 14, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Temujin Kensu by electronic means or U.S. Mail on March 14, 2014.

s/Linda Vertriest
Deputy Clerk

9