UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,                                                           Case No: 12-11877
                                                                        Hon. Victoria A. Roberts

vs

LLOYD RAPELJE, et al.,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES (DOC #113)

**I. INTRODUCTION**

Before the Court is Plaintiff's Motion to Consolidate *Kensu v. Rapelje, et al.* (*Rapelje*), 2:12-cv-11877, and *Kensu v. Buskirk, et al. (Buskirk)*, 2:13-cv-10279. Consolidation is not appropriate because the cases do not involve a common question of law or fact; and, consolidation may create a risk of prejudice to Defendants.

The Court **DENIES** Plaintiff's Motion.

**II. BACKGROUND**

Plaintiff Temujin Kensu is an inmate in the custody of the Michigan Department of Corrections ("MDOC"). He is housed at Thumb Correctional Facility in Lapeer, Michigan.

Plaintiff filed the *Rapelje* action on April 26, 2012, alleging that Defendants have been deliberately indifferent to his gluten and dairy intolerances. In the *Rapelje* action, Plaintiff claims (1) retaliation and First Amendment violations, (2) Eighth Amendment violations, (3) intentional infliction of emotional distress, (4) violation of the Americans with Disabilities Act, and (5) discrimination based on handicap.

Plaintiff filed the *Buskirk* action on January 22, 2013, alleging that Defendants have been deliberately indifferent to serious medical needs concerning his spine, shoulder, knee, ankle, and joints. In the *Buskirk* action, Plaintiff claims an Eighth Amendment violation only.

### III. STANDARD OF REVIEW

The Sixth Circuit held that "[w]hether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir.1965); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

### IV. LAW

Consolidation of cases is governed by Fed. R. Civ. P. 42(a):

If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Furthermore, in *Cantrell* the court explained: "the decision to consolidate is one that must be made thoughtfully . . . Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell*, 999 F.2d at 1011.

### V. ANALYSIS

Plaintiff argues consolidation is appropriate based on risk of prejudice, judicial economy, and other factors courts traditionally use to determine if consolidation is appropriate. But, under Fed. R. Civ. P. 42(a), a court must first determine the threshold issue: do the cases involve a common question of law or fact?

The allegations in the two complaints make clear that these cases rely on markedly different factual determinations. In *Buskirk*, the factual issue is whether Defendants were deliberately indifferent to Plaintiff's spine, shoulder, knee, ankle, and joint-related medical needs. In *Rapleje*, the factual issue is whether Defendants were deliberately indifferent to Plaintiff's gluten and dairy intolerance. Unless the cases share a common question of law, consolidation is not warranted.

Plaintiff's Motion does not identify a common question of law. Plaintiff's Motion alleges that consolidation is appropriate because both cases include a common cause of action for Eighth Amendment violations. Plaintiff's conclusion is misguided because a common cause of action is *not* a common question of law. For example, two cases involving a common question of law could arise where the parties dispute the interpretation of statutory language. Consolidation may be appropriate in that instance because once the court decides how the statute should be interpreted that decision would resolve the issue for both cases. Plaintiff's cases hinge on a jury finding that defendants were indifferent to his gluten and dairy intolerance, in *Rapelje*, and spine, shoulder, knee, ankle, and joint related issues, in *Buskirk*. Those separate factual determinations are required for Plaintiff to sufficiently make valid Eight Amendment claims. The actions do not hinge on a legal determination pertaining to the Eighth Amendment itself.

Even if Plaintiff's cases involved a common question of law or fact, this Court would still find consolidation inappropriate because it may create a risk of prejudice to Defendants Couterier and Tyree. Plaintiff argues that these two Defendants will not be prejudiced by consolidation. Plaintiff asserts that Defendants Couterier and Tyree are parties in both cases. This is not true; the complaint from each action clearly reflects that Couterier is not a party to *Buskirk* and Tyree is not a party to *Rapelje*.

Consolidation of these cases would create a risk of prejudice to Tyree because he is only a party to *Buskirk*, which only alleges one count – for Eighth Amendment violations – based on deliberate indifference to Plaintiff's spine, shoulder, knee, ankle, and joint-related medical needs. In contrast, Couturier is only a party to *Rapelje*, which alleges retaliation and First Amendment violations, intentional infliction of emotional distress, violation of the Americans with Disabilities Act, discrimination based on handicap, and Eighth Amendment violations – the only common claim. Plaintiff's complaint against Couturier is specifically tailored to gluten and dairy intolerance, which requires a completely separate factual determination from Plaintiff's claims against Tyree.

## VI. CONCLUSION

The Court finds that the cases do not involve a common question of law or fact and the potential prejudice to Defendants make consolidation inappropriate.

Plaintiff's Motion to Consolidate is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 14, 2014

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Temujin Kensu by electronic means or U.S. Mail on April 14, 2014.

s/Linda Vertriest
Deputy Clerk

4