UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,

v.                                                      Case No. 12-11877

                                                    Hon. Victoria A. Roberts

LLOYD RAPELJE, Warden, et al,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT [DKT #162]**

**I.    INTRODUCTION**

Temujin Kensu ("Kensu") is a prisoner in the custody of the Michigan Department of Corrections ("MDOC").

His Second Amended Complaint alleges five causes of action: (Count I) Eighth Amendment violation for deliberate indifference to Kensu's alleged wheat and dairy intolerance; (Count II) Retaliation under the First Amendment; (Count III) Intentional Infliction of Emotional Distress; (Count IV) Discrimination under Title II of the Americans with Disabilities Act; and, (Count V) Discrimination on the Basis of Handicap under the Rehabilitation Act.

Kensu has another suit pending: *Kensu v. Buskirk, et al*, No. 13-10279. The *Buskirk* case alleges deliberate indifference to serious medical needs concerning his spine and joints. The two lawsuits involve some of the same defendants. In an earlier order, the Court declined to consolidate the cases since they do not involve a common

1

question of law or fact, and consolidation could be prejudicial to Defendants. Dkt. No. 144.

On September 1, 2015, the Court entered an Order granting summary judgment on behalf of the Corizon Defendants in both cases. *Kensu v. Buskirk, et al*, No. 13-10279, Dkt. No. 114; *Kensu v. Rapelje, et al*, No. 12-11877, Dkt. No. 184. The earlier Order in *Rapelje* concluded Kensu's Eighth Amendment claim failed, in part, because he did not allege the existence of a sufficiently serious medical need.

The matter is now before the Court on a Motion for Judgment on the Pleadings and Summary Judgment filed by MDOC Defendants Lloyd Rapelje, Dr. Jeffrey C. Stieve, Susan McCauley, R.N., Karen Peters, R.N., Cheryl Groves, Russell Vittitow, Terry Malloy, R.N., Meaghan Walters, and Dr. William Borgerding.

Defendants' Motion is **GRANTED**.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT

### A. Standard of Review

A Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment, was filed by Defendants. Response and reply briefs were filed. Defendants seek to dismiss the case under 12(c) and 56(a) of the Rules of Civil Procedure. Defendants challenge the sufficiency of the pleadings and contend there are no genuine issues of material fact. Discovery is now closed.

If matters outside the pleadings are presented to and not excluded by the court on either a motion under Rule 12(b)(6) or 12(c), the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

Defendants attach deposition transcripts to their motion. Accordingly, the Court treats it as one for summary judgment.

Summary judgment must be granted "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986).  A fact is material if it could affect the outcome of the case based on governing substantive law.  *Id*. at 248.  A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party.  *Id*.

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. Summary judgment is appropriate if the party with the burden of proof at trial fails to establish the existence of an element that is essential to that party's case.  *Muncie Power Products, Inc. v. United Technologies Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.  Conclusory allegations are insufficient to create a genuine issue of material fact.  *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). "The Court need

3

consider only the cited materials, but it may consider other materials in the record." Fed.R.Civ.P. 56(c)(3). The Court's function at this stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249.

To show a nonmoving party lacks proof to prevail at trial, the moving party is generally required to identify a basis for its motion and point out to the court that there is an absence of evidence to support the issue in question. *Celotex Corp. v. Catrett*, 477 U.S. at 323 and 325. See also, *Elkins v. Richardson-Merrell, Inc.*, 8 F.3d 1068, 1071 (6th Cir. 1993) (defendant moving for summary judgment who does not bear the ultimate burden at trial need only point out the lack of a genuine issue regarding causation). A party asserting that a fact is or is not in dispute must support the assertion by citing to particular materials in the record in a way that supports its position, or by showing the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1).

In response to a motion for summary judgment, the nonmoving must demonstrate why summary judgment would not be proper. If a party fails to properly support its own fact assertions or address another party's assertions of fact, the Court may grant summary judgment. Fed. R. Civ. P. 56(e)(3).

**B.  Count I: 42 U.S.C. §1983**

Kensu claims an Eighth Amendment violation; he says Defendants were deliberately indifferent and did not treat his severe wheat/gluten and dairy intolerance, denied him access to a proper and nutritious diet, denied access to supplemental nutrition, and refused to accommodate or compensate for food allergies.

In another Order involving other defendants, this Court concluded that Kensu failed to prove the existence of a sufficiently serious medical need. This is the law of the case. See generally, *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) (findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation). Hence, this Eighth Amendment claim fails against these Defendants.

Defendants are entitled to summary judgment on Count I.

### C. Count II: Retaliation

Kensu alleges retaliation under the First Amendment against Defendants Stieve, Borgerding, Vittitow, Rapelje, and Groves.

To succeed on a First Amendment retaliation claim, three elements must be established: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and, (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Cox v. Jackson*, 579 F. Supp. 2d 831, 848 (E.D. Mich. 2008), citing, *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc) (plurality op.).

In a retaliation claim, the plaintiff has the burden to establish that his protected conduct was a motivating factor behind the harm. Once this is established, the burden shifts to the defendant; if the defendant can show he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment. *Thaddeus-X*, at 399.

Kensu fails to establish his protected conduct motivated Defendants' actions.

5

Kensu says he engaged in protected conduct by filing grievances, that Defendants retaliated against him by denying care, among other actions, and that the timing of the events and Defendants' actions demonstrates a causal connection.

These are bare causal allegations. The "summary judgment hurdle is not insubstantial," and bare allegations of malice do not suffice to establish a constitutional claim for retaliation. *Thaddeus-X v. Blatter*, 175 F.3d 378, 399-400 (6th Cir. 1999). In considering whether the causation element has been met, circumstantial evidence, like the timing of events, is sometimes sufficient. *Id.* But in *Thaddeus*, the plaintiffs did more than simply allege retaliation: in their verified complaint and in an additional affidavit, they put forward specific, nonconclusory allegations and identified affirmative evidence that could support a jury verdict at trial. *Id.*

Kensu has not done this. The Second Amended Complaint only alleges the presence of "suspicious timing of Defendants' adverse actions. . ." In his response to Defendants' motion for summary judgment, Kensu fails to go beyond the pleadings to supply specific facts to address Defendants' argument that the retaliation claim lacks substance. Kensu does not identify affirmative evidence that could support a jury verdict.

"[T]he party opposing the motion may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir.2001).

Kensu has failed to make a sufficient showing on the element of causation and

cannot survive summary judgment.

Defendants Stieve, Borgerding, Vittitow, Rapelje, and Groves are entitled to summary judgment on Count II.

### D. Count III: Intentional Infliction of Emotional Distress

Under Michigan law, intentional infliction of emotional distress requires extreme or outrageous conduct which intentionally or recklessly caused extreme emotional distress. *Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005). "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (Citations omitted).

Count III says Defendants Stieve, Malik, McCauley, Peters, and Borgerding intentionally inflicted emotional distress on Kensu by: (1) subjecting him to unprovoked and unjustified mistreatment and humiliation; (2) treating Kensu in an extremely and outrageously abusive manner; (3) intentionally depriving Kensu of medical care and treatment; and, (4) intentionally depriving Kensu of access to a meaningful administrative grievance process.

Kensu fails to address Defendants' summary judgment request in his response. Drawing all justifiable inferences in favor of Kensu, none of the conduct meets the requisite level of outrageousness.

Defendants Stieve, Malik, McCauley, Peters, and Borgerding are entitled to summary judgment on Count III.

### E. Count IV: Discrimination under the Americans with Disabilities Act

Count IV of the Second Amended Complaint alleges (Count IV) Discrimination under the Americans with Disabilities Act, 42 U.S.C. §12101-12213.

Defendant's conduct in response to Kensu's requests for dietary accommodation was medical treatment. The ADA does not provide relief for alleged incompetent treatment. *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (granting motion to dismiss because claims that prisoner with diabetes was denied medical treatment - a proper diet - is not the type of claim that the ADA and the Rehabilitation Act were intended to cover); *Stevenson v. Pramstaller*, No. 07-14040, 2008 WL 5085145, at *3 (E.D. Mich. Oct. 2, 2008) report and recommendation adopted, No. 07-14040, 2009 WL 804748 (E.D. Mich. Mar. 24, 2009) (granting defendants' motion for summary judgment on ADA claim because state prisoner alleging incompetent medical treatment is not complaining of being excluded from a prison service, program or activity, or of discrimination based on his disability).

Defendants Rapelje, Stieve, McCauley, Peters, Groves, Vittitow, Walters and Borgerding are entitled to Summary Judgment on Count IV.

**F.     Count V: Discrimination under the Rehabilitation Act**

Kensu says Defendants' conduct in response to his requests for dietary accommodations was discrimination under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

This claim fails for the same reason the ADA claim fails:  Kensu alleges denial of medical treatment on the basis of improper diet, and that is not actionable under the Rehabilitation Act.  *Carrion v. Wilkinson*, 309 F. Supp. 2d at 1016.

Defendants Rapelje, Stieve, McCauley, Peters, Groves, Vittitow, Walters and

Borgerding are entitled to summary judgment on Count V.

### III. CONCLUSION

Defendants' Motion is **GRANTED**; Judgment will enter in their favor.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 10, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 10, 2015.

s/Linda Vertriest
Deputy Clerk

---